**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**AMANDA STONE**
**o/b/o R.E.H.**                                                                                   **PLAINTIFF**

**v.**                         **No. 4:16-CV-00747-SWW-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

An application was filed on behalf of R.E.H., a child under the age of 18, with an alleged disability onset date of April 13, 2008. (R. at 60). The administrative law judge (ALJ) held a hearing, after which he denied the application. (R. at 31). The Appeals Council denied review. (R. at 1). Amanda Stone, R.E.H.'s mother, has requested judicial review on R.E.H.'s behalf.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that R.E.H. had the severe impairments of attention deficit hyperactivity disorder (ADHD), anxiety disorder, mood disorder, learning disorder speech/language disorder, and sensory disorder. (R. at 16). The ALJ further found that R.E.H.'s impairments did not meet or medically equal the severity of any listed impairment. (R. at 17). The ALJ also concluded that R.E.H.'s impairments did not functionally equal the severity of the listings. (R. at 17). Therefore, the ALJ held that R.E.H. was not disabled. (R. at 31).

## II. Discussion

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is less than a preponderance but more than a mere scintilla; it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

When determining whether a minor child's impairments functionally equal the listings, an ALJ assesses the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a. In order for an impairment to be found to functionally equal a listing, the minor child must have marked limitations in two domains or extreme limitations in one domain. *Id.*

Ms. Stone maintains that the ALJ erred in assessing R.E.H.'s functioning in the domains of acquiring and using information and interacting, attending and completing tasks, and caring for himself. She also contends that the ALJ erred in failing to consider

R.E.H.'s GAF scores and by failing to conduct a proper credibility analysis regarding statements concerning the intensity, persistence, and limiting effects of R.E.H.'s symptoms. As the undersigned finds that the ALJ failed to perform a proper credibility analysis, it is unnecessary to reach Ms. Stone's other arguments.

The ALJ stated that the statements made "concerning the intensity, persistence, and limiting effects of [R.E.H.'s] symptoms are not entirely credible for the reasons explained . . . in the functional equivalence domains evaluation." (R. at 18). In the 13 pages that follow, there is no explanation for the ALJ's credibility determination. (R. at 18–31).

Ms. Stone argues that 20 C.F.R. § 416.929(c)(3) requires the ALJ to consider factors such as daily activities; the location, duration, frequency, and intensity of pain or other symptoms; type, dosage, effectiveness, and side effects of medication; treatment, other than medication; measures used to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain or other symptoms. The Commissioner argues—without citation—that this regulation does not apply in child disability cases. This argument is without merit. The regulation itself includes additional types of evidence (such as evidence from educators, parents, and social welfare agencies) that will be considered in assessing a child's disability claim. 20 C.F.R. § 416.929(c)(3).

Generally, the courts defer to the ALJ's credibility determination, but it must be supported by good reason and substantial evidence. *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015). Where the ALJ properly finds the statements of a claimant to not be credible, it is not necessary to perform a credibility analysis concerning the cumulative statements of corroborating witnesses. *Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998).

In *Black*, the ALJ was found to have properly discredited the testimony of the claimant's parents where it was merely cumulative and the ALJ had properly applied the *Polaski* factors. *Id.*

In this case, R.E.H. did not testify. Ms. Stone's is the only testimony on R.E.H.'s behalf that was received at the hearing. (R. at 38–58). Ms. Stone's testimony was therefore highly important in assessing R.E.H.'s disability claims and required analysis. As noted previously, while the ALJ stated that he would provide reasoning for discrediting the received testimony, no such reasoning can be found within the decision. The ALJ is required to give "good reason" for discrediting testimony. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). Without such reasoning, reversal is required.

### III. Recommended Disposition

The ALJ failed to provide good reason for discrediting statements concerning the intensity, persistence, and limiting effects of R.E.H.'s symptoms. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to perform a proper credibility assessment of testimony offered on R.E.H.'s behalf.

It is so ordered this 25th day of September, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE